UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN M. HARMON,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent. | NO. CV 16-7188-JLS (AGR)<br><br><br>ORDER TO SHOW CAUSE |

　　　　Petitioner has filed what the Court construes as a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. (Although captioned as a "Petition for Writ of Mandamus," the document challenges Petitioner's conviction based on alleged prosecutorial misconduct.[1]) For the reasons discussed below, it appears that the one-year statute of limitations has expired.

---

[1] Strictly speaking, Petitioner does not request that the Court order his release. Instead, he seeks an order directing the State of California to "take steps to correct all [of] its witnesses' false testimony . . . ." (Petition at 8.) The Court cannot entertain this as a civil rights action – whether seeking mandamus or other relief – because granting relief necessarily would imply the invalidity of Petitioner's never-overturned conviction. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Petitioner contends that the prosecution committed misconduct by knowingly introducing false evidence matching fingerprints found at a crime scene to Petitioner's.

The court therefore orders Petitioner to show cause on or before **November 1, 2016** why the court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

## I.

## **PROCEDURAL BACKGROUND**

In 2005 in case number GA061537, a Los Angeles County Superior Court jury convicted Petitioner of numerous counts of burglary and receiving stolen property, and one count of receiving a stolen vehicle. After finding that Petitioner had suffered two prior serious or violent felony convictions, the trial court sentenced him to prison for 200 years to life. *See People v. Harmon*, No. B189055, 2007 WL 806168 (Cal. Ct. App. 2d Dist.) at *1-*2. On March 19, 2007, the California Court of Appeal overturned Petitioner's stolen-vehicle conviction, resulting in the reduction of his sentence to 175 years to life, but otherwise affirmed. *Id.* at *4.

Petitioner did not petition for review in the California Supreme Court.

On April 18, 2007 – as the state acknowledged in responding to Petitioner's prior habeas action in this Court in 2008 – Petitioner filed a habeas petition in the trial court. (*See* Answer (Dkt. No. 13) at 1-2 in *Harmon v. Horbel*, No. CV08-3036-FMC (AGR) ("*Harmon II*").[2]) The court denied relief on May 18, 2007. (*Id.*) On June 11, 2007, Petitioner filed a habeas petition in the California Court of Appeal, which denied relief on June 13, 2007. *See* California Appellate Courts Case Information online docket in Case No. B199666 (Cal. Ct. App. 2d Dist.). Petitioner did not seek habeas relief in the California Supreme Court.[3]

---

[2] Although the Respondent in *Harmon II* lodged copies of Petitioner's state habeas filings, those lodgments were disposed of after the dismissal of the action. (The Court refers to that case as *Harmon II* because an earlier-filed case brought by Plaintiff, discussed below, is dubbed *Harmon I*.)

[3] In *Harmon II*, the Respondent asserted in his Answer that Petitioner *did* seek habeas relief in the California Supreme Court, *see* Dkt. No. 13 in *Harmon II* at 2, but that appears to be incorrect. The cited case number was S152535, but

On May 8, 2008, Petitioner filed the petition in *Harmon II.* On December 16, 2008, the Court granted Petitioner's request to dismiss the action without prejudice. (*See* Dkt. Nos. 18, 19 in *Harmon II.*)

## II.

## **STATUTE OF LIMITATIONS**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A.    The Date on Which Conviction Became Final – § 2244(d)(1)(A)

Because Petitioner did not file a petition for review with the California Supreme Court, his conviction became final 40 days the California Court of Appeal's June 13, 2007 decision, i.e., on July 23, 2007. *See Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005). Absent tolling, the statute of limitations expired one year later on July 23, 2008.

### 1.    Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner tolled the statute for nearly two months – between April 18 and June 13, 2007 – while he was pursuing habeas relief in the trial court and California Court of Appeal, as

---

that corresponds to a habeas petition by a different man, one Reggie Breaux. According to the same public database for the California Appellate Courts, which includes information about the California Supreme Court, no one named Devin Harmon has ever had any proceeding before the California Supreme Court.

3

noted above.  Petitioner would need several more years worth of tolling, or a later accrual date, for this action to be timely.

### 2. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 634 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Id.* at 653 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time"' and '"the extraordinary circumstances" were the cause of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

### B. Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

The statute of limitations may also start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim. 28 U.S.C. § 2244(d)(1)(D). Here, however, there is no indication that Petitioner only recently could have discovered the factual bases for his claim of prosecutorial misconduct. The most recently-dated item among the factual bases cited by Petitioner appears to be a six and a half year old declaration by forensic specialist Marvin Marshall, filed on March 3, 2008 in support of defendants' summary judgment motion in Petitioner's 2007 civil rights action in this Court. (*See* Dkt.

No. 126 in *Harmon v. City of Glendale*, No. CV 07-398-JLS (AGR) ("*Harmon I*"), copied in part as Exhibit E to (pp. 100-06[4] of) the current Petition.) Petitioner commenced that action after being acquitted of burglary and receiving stolen property charges in a prior 2004 case. He alleged that the City of Glendale and two of its police employees maliciously prosecuted him. *See* docket in *Harmon I*;[5] Criminal Case Summary for *People v. Harmon*, Los Angeles County Superior Court case number GA057542, *available at* http://www.lacourt.org/criminalcasesummary/ui/Selection.aspx (reflecting acquittal on four burglary counts and one receiving stolen property count). The Court granted defendants' motion for summary judgment on June 10, 2008. (*Id.*, Dkt. No. 148.) As the *Harmon I* docket reflects, Petitioner has since not only appealed unsuccessfully but also filed numerous unsuccessful motions for reconsideration and relief from judgment, as described below. All of his challenges were based on essentially the same factual assertions, centering on Marshall's allegedly false fingerprint-related testimony.

On June 23, 2008, Petitioner filed a Notice of Appeal in *Harmon I*. On August 5, 2010, the Ninth Circuit affirmed in an unpublished memorandum opinion. *Harmon v. Marshal*, 391 Fed. Appx. 632 (9th Cir. 2010).

On January 26, 2011, the Court denied Petitioner's Rule 60(b) motion. (*Harmon I* Dkt. No. 173.)

On May 13, 2011, Petitioner filed two documents entitled "Plaintiff moves for an express independent action pursuant to: Fed. R. Civ. P. Rule 60(d)(1), (3)" and "Notice of Intent Plaintiff's request for an independent action to obtain relief from a judgment." On June 15, 2011, the Court denied the Rule 60(d) motion

---

[4] Page citations are to the page numbers assigned by the CM/ECF systems in the header.

[5] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior actions in the Central District.

because Petitioner failed to satisfy the requirements for showing a "fraud on the court." (*Harmon I* Dkt. No. 184.) On April 7, 2011, the Court denied Petitioner's motion for reconsideration. (*Harmon I* Dkt. No. 180.)

On March 23, 2011, the Ninth Circuit opened Case No. 11-55472 based on an appeal by Petitioner. *(Harmon I* Dkt. Nos. 177-178.) On December 7, 2011, the Ninth Circuit, which found that "the questions raised in this appeal are so insubstantial as not to require further argument," summarily affirmed this Court's January 26, 2011 and April 7, 2011 orders denying Petitioner's motions for reconsideration. *Id.*, *Harmon I* Dkt. No. 18. On January 18, 2012, the Ninth Circuit issued its mandate. *Id.*, *Harmon I* Dkt. No. 23.

On July 20, 2011, the Ninth Circuit opened Case No. 11-56205 based on another appeal by Petitioner. (*Harmon I* Dkt. Nos. 189-190.) On October 20, 2011, the Ninth Circuit noted that this Court had certified that Petitioner's appeal was not taken in good faith and revoked Petitioner's *in forma pauperis* status. Case No.11-56205, Dkt. No. 7. The Ninth Circuit denied Petitioner's motion to proceed *in forma pauperis* "because we also find the appeal is frivolous." *Id.* On December 7, 2011, the Ninth Circuit dismissed the appeal because Petitioner failed "to pay the filing fees and show cause why the judgment in this appeal should not be summarily affirmed." *Id.*, Dkt. No. 12.

Petitioner subsequently filed several petitions for writs of mandamus with the Ninth Circuit, all of which have been denied. Case Nos. 12-71572, 12-73714, 12-73804, 13-70773.

On September 25, 2013, Petitioner filed another motion in this Court pursuant to Rule 60(d)(3). (*Harmon I* Dkt. No. 215.) The Court denied that motion on October 11, 2013, again because Petitioner failed to satisfy the corresponding "fraud on the court" standard. (*Harmon I* Dkt. No. 216.)

6

On December 31, 2015, Petitioner filed a third Rule 60(d) motion, 17 pages in length. (*Harmon I* Dkt. No. 232.) The Court denied the motion, explaining in part as follows:

> Although Plaintiff's argument is difficult to understand, he appears to argue that there is a discrepancy between Marvin Marshall's declaration in support of Defendants' motion for summary judgment in this case and his testimony at a later criminal trial on different charges against Plaintiff. Marshall was a forensic specialist for the City of Glendale Police Department from July 1983 until his retirement in August 2006. In his declaration about the 2004 incident, Marshall stated that Plaintiff's fingerprints were a positive match to fingerprints Marshall lifted from a 1992 red Ford Festiva. (Marshall Decl. ¶¶ 4-8.) Forensic supervisor Debbie Stivers independently verified Marshall's findings. (*Id.* ¶ 8.) Marshall also stated that Plaintiff's fingerprints were a positive match to fingerprints he lifted from an envelope. (*Id.* ¶¶ 9-10.) Forensic specialist Cindy Edison verified Marshall's findings. (*Id.* ¶ 10.)
>
> Plaintiff attaches Marshall's trial testimony dated November 30, 2005 in a later criminal case against Plaintiff, Case No. GA061537. Marshall testified that he did not work on the May 2005 events that were the subject of that criminal trial. (Motion at 13.) On cross examination, Marshall was asked who verified his findings in the 2004 incident. Marshall testified that Mr. Rodriguez performed the verification "in the initial stage" and Ms. Edison verified the match from the envelope. (*Id.* at 13-14.)
>
> . . . Marshall's statements that Plaintiff's fingerprints were a positive match to the fingerprints he lifted from the Ford Festiva and the envelope in the 2004 incident remain unaffected. Moreover, Plaintiff

7

1
2
3
4
5
6
7
8
9

> does not contend that Marshall's declaration is inconsistent with his testimony at Plaintiff's criminal trial based on same 2004 incident. Instead, Plaintiff relies on Marshall's testimony at a later criminal trial on different charges. In that later trial, Marshall's recollection about the 2004 incident was consistent as to Ms. Edison's role in verifying the fingerprint match on the envelope but potentially inconsistent as to whether Ms. Stivers or Mr. Rodriguez verified the fingerprint match on the Ford Festiva. Plaintiff has not shown perjury as distinguished from a failure of recollection. . . .

(*Harmon I* Dkt. No. 233 at 3-5 (footnotes omitted).)

Most recently in *Harmon I,* Petitener filed a fourth Rule 60(d) motion on June 27, 2016. (*Harmon I* Dkt. No. 235.) Petitener referred back to the challenges to Marshall's testimony in Petitioner's December 31, 2015 motion. Petitioner also argued that the prosecution knew that Marshall's testimony was false and failed to correct it, just as he argues in the present petition. The Court denied the motion on September 5, 2016. (*Harmon I* Dkt. No. 237.)

In sum, Petitioner cannot benefit – in the sense of rendering this action timely – from any *recent* discovery, for he has long known the alleged factual underpinnings of his current challenge to the validity of his convictions. *See Hasan v. Galaza,* 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

## III.
## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that on or before **November 1, 2016,** Petitioner shall show cause why the court should not recommend dismissal of the petition based on expiration of the one-year statute of limitations.

8

**If Petitioner fails to respond to this order to show cause by November 1, 2016, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations**.

DATED: September 29, 2016

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge